IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY P. GRENWALT,

                Plaintiff,

v.                                                   OPINION and ORDER

WARDEN RICHARDSON, CO KREMSREITER,          18-cv-581-jdp
SERGEANT JANE DOE, and INMATE JOHN DOE,

                Defendants.

---

Pro se plaintiff Rodney P. Grenwalt, an inmate incarcerated at the Stanley Correctional Institution (SCI), brings this civil complaint under 42 U.S.C. § 1983, alleging that he suffered injuries as a result of the failure of prison staff to prevent inmates from falling on a slippery, wet floor. Grenwalt has made an initial partial payment of the filing fee for this action as ordered by the court.

The next step is for me to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Having reviewed Grenwalt's complaint with these principles in mind, I conclude that Grenwalt's allegations do not state a constitutional claim over which this court would have jurisdiction. I will dismiss his complaint and give him a chance to file an amended complaint with allegations that would support a constitutional claim.

ALLEGATIONS OF FACT

I draw the following facts from Grenwalt's complaint, Dkt. 1, and accept them as true for the purposes of this order.

On November 18, 2015, Grenwalt slipped and fell on a wet floor while entering his unit. He was between eight and ten feet from the officers' station at the time of the fall. Prison staff had not put up a wet floor sign or otherwise indicated the floor's hazardous condition. Grenwalt fell on his back, and he sustained lasting injuries that continue to cause him significant pain. Since then, Grenwalt has made numerous trips to the hospital seeking to obtain diagnoses concerning the extent of his injuries. He now has limited mobility and requires a cane to walk.

ANALYSIS

Grenwalt asserts an Eighth Amendment claim based on "his right to be safe from unreasonable risk of injury in living." He also asserts state law tort claims over which he asks me to exercise supplemental jurisdiction.

To state a claim under 42 U.S.C. § 1983, a plaintiff must at a minimum allege the violation of a right protected by the Constitution or laws of the United States. *See Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009) (reciting the elements required to make a claim under § 1983). Prisoners can state a claim under the Eighth Amendment by alleging facts suggesting that prison officials knowingly disregarded a substantial risk of serious harm to the prisoner. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This requires Grenwalt to allege facts supporting an inference that defendants were personally aware of facts from which an inference

could be drawn that the slippery floor posed a substantial risk of serious harm, and that defendants actually drew that inference but disregarded the risk. *Id.*

Grenwalt's allegations are not sufficient to show that prison staff created "an excessive risk to inmate health and safety." *Id.* at 837. Numerous courts have concluded that slippery floors, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a substantial risk of serious harm. *See, e.g.*, *Reynolds v. Powell*, 370 F.3d 1028, 1031, 1032 (10th Cir. 2004) ("[S]lippery floors constitute a daily risk faced by members of the public at large. . . . [T]here is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state-law tort claim." (citation omitted)); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Bell v. Ward*, 88 F. App'x 125, 126–27 (7th Cir. 2004); *Henderson v. Brown*, No. 08-c-3172, 2010 WL 3861056, at *4 (N.D. Ill. Sept. 27, 2010) ("Wet and slippery floors . . . do not implicate the Constitution.").

Courts have on occasion concluded that slippery floors pose a significant risk of serious harm where hazardous factors in addition to the slippery surface are implicated, such as when a prisoner has a disability and prison officials are aware of the prisoner's related falls and injuries. *See, e.g.*, *Johnson v. Martinez*, 68 F. App'x 66 (9th Cir. 2003) (holding that prisoner stated a constitutional claim based on allegations that he used a cane, had requested accommodations after he twice slipped and fell, and prison officials did nothing to prevent him from falling a third time); *Frost v. Agnose*, 152 F.3d 1124, 1129 (9th Cir. 1998) (finding a triable issue of fact on prisoner's claim that defendant failed to protect him from slippery floor where prisoner had a leg cast, used crutches, and had fallen and injured himself repeatedly). Grenwalt has raised no such allegations here.

3

Construing all of his allegations generously, Grenwalt has at most alleged a claim for the state law tort of negligence. Negligence alone does not amount to a constitutional violation and cannot support a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 332 (1986); *see also Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (concluding that slip-and-fall resulting from leaking air conditioner was not actionable under § 1983 because defendant's conduct amounted only to negligence).

As currently written, the complaint does not state a claim for relief under the Constitution. But because Grenwalt appears pro se, I am reluctant to dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("[W]hen a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). So I will give Grenwalt a chance to file an amended complaint. If, based on the case law cited above, Grenwalt believes he can state a claim related to his fall, he should draft an amended complaint stating (1) what acts he believes violated his rights; (2) what rights were violated; (3) the specific persons who committed each of those acts and a specific description of their involvement; and (4) what relief he wants the court to provide. If Grenwalt does not provide an amended complaint by the deadline set below, I will dismiss the case for his failure to state a claim upon which relief may be granted, and assess him a "strike" under 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney P. Grenwalt's complaint is DISMISSED.

2. Plaintiff may have until November 2, 2018, to submit an amended complaint that complies with Rule 8.

Entered October 12, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge