IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY P. GRENWALT,

                     Plaintiff,

    v.                                                                               ORDER

WARDEN RICHARDSON, CO KREMSREITER,                     18-cv-581-jdp
SERGEANT JANE DOE, and INMATE JOHN DOE,

                     Defendants.

---

Pro se plaintiff Rodney P. Grenwalt is an inmate incarcerated at Stanley Correctional Institution (SCI). He alleges that he slipped, fell, and injured himself on a slippery floor at the prison. He brings Eighth Amendment claims against defendant prison officials for failing to take proper precautions or warn inmates about the unsafe conditions.

I dismissed Grenwalt's original complaint because it asserted state-law negligence claims rather than federal constitutional claims over which I could exercise jurisdiction. Dkt. 5. I stated that federal courts have generally concluded that slippery floors, by themselves, do not amount to an Eighth Amendment violation because they constitute a risk faced by members of the public at large, and the possibility of falling on them does not constitute a risk of serious harm. *Id.* at 3. But I noted that in certain circumstances, slippery floors can pose a significant risk of serious harm under the Eighth Amendment where hazardous factors in addition to the slippery surface are involved, such as when a prisoner has a disability and prison officials are aware of the prisoner's related falls and injuries. *Id.* I therefore gave Grenwalt an opportunity to amend his complaint to state federal constitutional claims.

Grenwalt has responded with a proposed amended complaint, Dkt. 6, but that complaint only includes two minor additions: Grenwalt states that a John Doe corrections

officer told him that an "officer was supposed to make sure the wet floor sign was up and in view," and he alleges that he will be able to demonstrate through discovery that the defendants "failed in their written and verbal duties" on the day in question. Dkt. 6, at 2. These additional facts are not enough to state a claim under the Eighth Amendment. Violations of administrative policies and procedures do not rise to the level of a constitutional violation. *See Whitman v. Newic*, 368 F.3d 931, 935 n.1 (7th Cir. 2004). Grenwalt has alleged nothing more than a standard "slip and fall" claim, which belongs in state court under a negligence theory. I will dismiss this case for the court's lack of subject-matter jurisdiction over his state-law claims. But I will not assess Grenwalt a "strike" because dismissal for lack of subject-matter jurisdiction is not a reason enumerated in 28 U.S.C. § 1915(g) that requires issuing a strike.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney P. Grenwalt's complaint is DISMISSED for lack of subject-matter jurisdiction.

2. The clerk of court is directed to enter judgment for defendants and close the case.

Entered December 13, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge